**CITIZENS CO-OP GIN, Plaintiff,**

v.

**UNITED STATES of America, J. B. Marion, Leola Marion, J. D. Rackler, and Earl Depue, Defendants.**

Civ. A. No. 5-541.

United States District Court
N. D. Texas,
Lubbock Division.

April 15, 1969.

J. R. Blumrosen, Lubbock, Tex., for plaintiff.

Thos. J. Griffith, Lubbock, Tex., for defendant Rackler.

Claude D. Brown, Asst. U. S. Atty., Fort Worth, Tex., for the United States.

Earl R. Allison, of Allison, Mann & Allison, Levelland, Tex., for defendant Depue.

Edward W. Napier, Lubbock, Tex., for J. B. Marion and Leola Marion.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WOODWARD, District Judge.

In compliance with Rule 52(a) of the Federal Rules of Civil Procedure, I find the facts and state my conclusions of law as follows:

### FINDINGS OF FACT

1. J. B. and Leola Marion are indebted for income taxes assessed with interest for the years ending June 30, 1960 and June 30, 1962, in the total sum of $37,261.51, such sum being liquidated by a tax court judgment entered on March 11, 1968, and said sum being assessed on May 3, 1968. Statutory interest has accrued upon such taxes. The gross value of the 97 bales of cotton in controversy is substantially less than such tax liability.

2. The Government filed proper notices of federal tax liens on July 16, 1968 in Lubbock and Hockley counties in the State of Texas.

3. During the year 1968, J. B. and Leola Marion operated farms, including a 320 acre farm in Hockley County, Texas.

4. Citizens Co-Op Gin furnished J. B. and Leola Marion cotton seed upon open account in the spring of 1968 at the agreed and reasonable price of $295.69.

5. On October 20, 1968, J. B. Marion requested that J. D. Rackler harvest the cotton crop growing upon his farm in Hockley County, Texas, and deliver the seed cotton to Citizens Co-Op Gin approximately five miles west of Shallowater, Texas. The customary and agreeable price for this service was 50 cents per hundred weight.

6. Mr. Rackler furnished his personal labor, machinery, and the hire of one servant in performing such labor for J. B. Marion, from October 22, 1968 to November 5, 1968. Such service was necessary to the preservation of the cotton crop and the value of the cotton produced. The services performed by J. D. Rackler enhanced the value of the cotton crop by 50 cents per hundred weight of seed cotton, and such sum was the reasonable value of the services rendered. J. D. Rackler had no actual knowledge of the tax lien which had been filed by the United States Government before completing such labor.

7. J. D. Rackler reasonably relied upon the universal custom in the vicinity of Hockley and Lubbock County, Texas pursuant to which cotton gins entered upon their accounts and books of records the name of J. D. Rackler as the person furnishing labor and machinery necessary to harvest and deliver the cotton for ginning. J. D. Rackler reasonably relied upon the universal custom in the vicinity of Lubbock and Hockley County, Texas, pursuant to which a cotton gin would, upon its lot, or upon the lot of a compress, hold possession of said crop until the same was placed in Government loan or was sold with the authority of the owner of the cotton and would then pay all charges for ginning services and storage furnished, all charges for custom farm labor, all interests of any tenant, and render to the owner an accounting and the net proceeds of such sale or loan.

8. J. D. Rackler harvested 235,720 pounds of seed cotton and is entitled to judgment and payment from J. B. and Leola Marion in the amount of $1,178.60 for such services.

9. Citizen's Co-Op Gin performed all labor and furnished all materials necessary to gin the J. B. Marion cotton and to press, bag, and tie such cotton. Citizen's Co-Op Gin also transported the same to Farmer's Co-Operative Compress at Lubbock, Texas, for storage.

10. The cotton seed separated from lint has been sold, and the proceeds have been applied to the account for ginning services owed to Citizen's Co-Op Gin by J. B. and Leola Marion. The balance of $120.52 is the balance owed the gin for

such service. Ginning charges made are reasonable.

11. The 97 bales of cotton subject to the lien of the United States of America would have suffered total and irreparable loss and damage had the same not been harvested and delivered to the cotton gin. Such cotton, delivered to the cotton gin, would have suffered total and irreparable loss and damage had it not been ginned, baled, bagged, tied, and placed for storage.

12. Payment for all services and materials furnished by J. D. Rackler and furnished by Citizen's Co-Op Gin was due upon sale of the cotton or upon placing it in the Government Loan Program.

13. Market conditions and Government regulations make it unreasonable to hold the cotton in storage, and the same should be placed in Government Loan to realize the greatest economic advantage as early as possible.

14. The cotton subject to the lien of the United States of America has been continuously in the possession of J. D. Rackler, either in person or through his servants or agents, and the same has been continuously in the possession of Citizens Co-Op Gin, both for itself and as agent for J. D. Rackler, upon its premises and upon the premises of its agent for such possession, Farmer's Co-Operative Compress. Citizens Co-Op Gin received conflicting claims for the possession of such cotton and the warehouse receipts therefor before filing this suit.

15. Legal services rendered by Thomas J. Griffith, attorney for J. D. Rackler in this case, are reasonably worth $500.00.

16. Legal services rendered by J. R. Blumrosen, attorney for Citizens Co-Op Gin in this case, are reasonably worth $500.00.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction and venue over the parties and the subject matter.

2. All parties necessary to complete and final disposition of the property subject to the lien of the United States of America are before the Court.

3. The United States of America has a valid lien by virtue of notices properly filed against the 97 bales of cotton identified by the schedule of warehouse receipts attached as Exhibit A to Plaintiff's Original Petition in this cause.

4. However, such lien of the United States of America is inferior and subject to the prior lien of J. D. Rackler for the sum of $1,178.60 for services rendered and attorney's fees in the amount of $500.00, and is further subject to the prior lien and claim of Citizen's Co-Op Gin for services rendered in the amount of $120.52 and for reasonable attorney's fees in the amount of $500.00. The suit pending is a stakeholder's suit.

5. The 97 bales of cotton were subject to a lien of J. D. Rackler under the laws of the State of Texas for his harvesting services.

6. J. D. Rackler has a lawful possessory lien superior to that of the United States of America under the provisions of 26 U.S.C.A. § 6323.

7. J. D. Rackler has an equitable lien superior to the lien of the United States of America.

8. The lien of J. D. Rackler extends to reasonable attorney's fees under the provisions of Article 2226, Vernon's Ann. Revised Civil Statutes of Texas, on account of personal services rendered with priority to the lien of the United States of America under the provisions of 26 U.S.C.A. § 6323(b) (3).

9. Attorney for the plaintiff is entitled to priority of payment over the lien of the Government, having filed a valid and bona fide stakeholder's suit.

10. By virtue of labor, materials, and services creating, preserving, and protecting the property subject to the tax lien of the United States of America and enhancing its value in the reasonable sum of $1,178.60, J. D. Rackler is subrogated to the lien of the United States of America for taxes in such amount.

11. Citizen's Co-Op Gin has a lawful possessory lien superior to that of the United States of America under the provisions of 26 U.S.C.A. § 6323.

12. Citizen's Co-Op Gin has an equitable lien superior to the lien of the United States of America.

13. By virtue of labor, materials, and services creating, preserving, and protecting the property subject to the tax lien of the United States of America and enhancing its value in the reasonable sum of $120.52, Citizen's Co-Op Gin is subrogated to the lien of the United States of America for taxes in such amount.

14. Citizen's Co-Op Gin has no lien on such cotton for the seed furnished in the amount of $295.69, but J. B. Marion and Leola Marion are indebted to Citizen's Co-Op Gin for such amount.

15. To preserve the property, and by consent of all parties, all cotton subject to the liens described should be placed in government loan immediately, and the proceeds should be apportioned as follows:

A. To J. D. Rackler, for services rendered and attorney's fees, $1,678.60.

B. To Citizen's Co-Op Gin, for services rendered and attorney's fees, $620.-52.

C. To the United States of America, the balance of all proceeds received, to be credited on its judgment against J. B. Marion and Leola Marion.

## JUDGMENT

On the 8th day of April, 1969, came on to be heard the above-entitled and numbered cause, and came the plaintiff and its attorney, and the defendants, with the exception of Earl Depue, and their respective attorneys, and each party announced ready for trial, and a jury having been waived, the parties presented to the Court the evidence and after hearing such evidence and argument of counsel, the Court has on this date made and entered its Findings of Fact and Conclusions of Law which are here referred to and incorporated herein for all purposes.

Accordingly, it is ordered and decreed as follows:

1. That the defendant, Earl Depue, has no interest in the subject cotton or the proceeds of the sale thereof, in accordance with the disclaimer filed by said defendant, and that no recovery is allowed, either for or against the defendant, Earl Depue.

2. That on or before the 28th day of April, 1969, the 97 bales of cotton which are the subject of this suit be sold by J. B. Marion and his attorney, Edward W. Napier, for the best price obtainable, or alternatively, that the same be placed subject to a loan from the proper agency of the United States of America, and thereafter that the entire proceeds from such sale or loan be payable to and deposited with the Clerk of the United States District Court for the Northern District of Texas, and that after this judgment has become final, the Clerk will disburse such proceeds as follows:

A. To the plaintiff, Citizens Co-Op Gin, the sum of $120.52 as the unpaid cost of ginning said cotton plus $500.-00 as reasonable attorneys fees, for a total of $620.52.

B. To the defendant, J. D. Rackler, the sum of $1,178.60 as the cost of harvesting said cotton plus $500.00 as reasonable attorneys fees, for a total of $1,678.60.

C. To the Clerk of this Court all costs incurred herein including the necessary costs of selling said cotton.

D. To the United States of America the balance of said proceeds to be credited on the judgment held and owned by the United States of America against J. B. Marion and Leola Marion.

3. Citizens Co-Op Gin shall have and recover of and from J. B. Marion and Leola Marion the sum of $295.69 as its costs for seed furnished said defendants, together with interest at the legal rate until paid.